UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARQUES BUTLER,

        Plaintiff,

   v.

R. BOOZER, et al.,

        Defendants.

No. 1:14-cv-01220-DAD-EPG

ORDER DENYING REQUEST FOR RECONSIDERATION

(Doc. No. 50)

Plaintiff is a prisoner proceeding with counsel[1] in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 3, 2017, defendants filed objections to and sought reconsideration of various purported "findings" and rulings made by the assigned magistrate judge at the April 19, 2017 Scheduling Conference. (Doc. No. 50.) In particular, the defendants complain: (1) substantive discovery should remain stayed while defendants' motion for summary judgment on exhaustion grounds is pending; (2) the scheduled evidentiary hearing should be limited to adjudicating the issue of exhaustion; (3) the magistrate judge prematurely ruled on discovery issues; (4) the magistrate judge improperly relied on plaintiff's initial disclosures; and (5) that the scheduling order should be modified. (*Id.*) For the reasons discussed below, the undersigned finds defendants' request for reconsideration to be meritless.

---
[1] Counsel for plaintiff was appointed on May 1, 2017. (Doc. No. 49.)

1

**BACKGROUND**

Plaintiff's complaint was initially filed on August 4, 2014, and his first amended complaint was screened by the court and found to state cognizable claims on June 24, 2016. (Doc. Nos. 1, 7, 11.) On December 1, 2016, defendants filed a motion for summary judgment on the grounds that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. (Doc. No. 17.) That motion remains pending before the assigned magistrate judge. On April 19, 2017, the magistrate judge held a scheduling conference, at which defendants' motion for summary judgment and the need for an evidentiary hearing on the issue of exhaustion were discussed. A scheduling order and an order setting an evidentiary hearing were issued following the scheduling conference. (Doc. Nos. 43, 44.) Defendants' objections focus largely on statements made by the magistrate judge during the scheduling conference, rather than on any particular aspect of the orders issued following the scheduling conference.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c).[2] The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). Nothing defendants seek reconsideration of here is dispositive. On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014)

---

[2] Counsel for defendants is familiar with these standards, having previously objected to another order of the magistrate judge in this same case. (See Doc. Nos. 21, 27.)

2

(internal quotations and citations omitted).

In reviewing pretrial orders of a magistrate, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). Accordingly, "[t]o succeed [on a motion for reconsideration], a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. 1:10-cv-00581-AWI-DLB, 2011 WL 1087149, at *1 (E.D. Cal. Mar. 23, 2011).

## ANALYSIS

1. *Decision Not to Stay Substantive Discovery is Not Contrary to Law*

Concluding it would take some time to resolve the issue of exhaustion since an evidentiary hearing was required, the assigned magistrate judge lifted the stay on substantive discovery at the scheduling conference. (Doc. No. 48 at 22.) Defendants contend it was contrary to law for the magistrate judge to do so. (Doc. No. 50 at 3–4.) This argument is premised on *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014 (en banc)). (*Id.*) As defendants point out, in that case, the Ninth Circuit said, "[e]xhaustion should be decided, *if feasible*, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170 (emphasis added). The Ninth Circuit did not hold in *Albino* it was reversible error for a district court to proceed with a case while a motion on the issue of exhaustion was pending, and in fact specifically emphasized the discretion district courts have in managing their dockets. *See id.* at 1170–71 ("[T]he district court may *in its discretion* limit discovery to evidence concerning exhaustion.") (emphasis added). The fact that judges in other cases in this court may have chosen to stay substantive discovery under the circumstances presented in those cases pending the outcome of such motions underscores, rather than undermines, this discretion. The court notes that this action has been pending since August 4, 2014 and it is certainly within the court's discretion in managing its crowded docket to conclude that this action must move forward and no longer in a piecemeal fashion. Defendants have in no way shown the magistrate judge's decision to lift the stay on substantive discovery is

/////

/////

3

contrary to law.[3]

2. *The Evidentiary Hearing Will Not Improperly Reach the Merits of Plaintiff's Claims*

According to a transcript of the scheduling conference, the magistrate judge suggested there were a number of areas she believed might be appropriately addressed at the scheduled evidentiary hearing. (Doc. No. 48 at 13–14.) In particular, the magistrate judge indicated she would be interested in hearing evidence regarding aspects of the prison's investigation into plaintiff's inmate grievance, including the interview process and whether there had been any "attempt to use a technicality to stop a valid [inmate] appeal." (*Id.*) Defendants complain the areas of interest identified by the magistrate judge are an improper subject for the evidentiary hearing and consideration of them is contrary to law.

Defendants' objection is meritless. First, no order or ruling has issued on the scope of the evidentiary hearing. Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of *the order* that is clearly erroneous or is contrary to law.") (emphasis added); Local Rule 303(c) ("A party seeking reconsideration of *the Magistrate Judge's ruling* shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties.") (emphasis added). Here, the magistrate judge simply gave the parties an indication about aspects of the dispute she was interested in hearing more about, while noting the parties could present whatever evidence they thought was relevant. A district judge hears objections and requests for reconsideration of *orders* and *rulings* issued by the magistrate judge. It does not sit to correct or even comment on statements such as these which clearly do not have and are not intended to have a binding effect on the parties or the litigation. Second, to the extent defendants are preemptively objecting to the relevance of unknown evidence which *may* be presented at the scheduled evidentiary hearing, their objection is obviously premature. As the magistrate judge pointed out at the scheduling conference and as defense counsel well knows,

---

[3] This argument is remarkably similar to defendants' prior objection in this case, in which they complained the magistrate judge's decision to require them to file an answer prior to resolution of the same summary judgment motion was contrary to the holding in *Albino*. (Doc. No. 21.) The undersigned rejected that argument, finding that the magistrate judge's ruling was not contrary to law. (Doc. No. 23.)

4

there will be ample opportunity to object following the issuance of the magistrate's findings and recommendations. Finally, defendants cite no authority that the areas identified by the magistrate judge as being of interest are beyond the ken of an evidentiary hearing on the issue of exhaustion.

### 3. *The Magistrate Judge Did Not Prematurely Rule on Discovery Issues*

Defendants also argue the magistrate judge prematurely ruled on various items of discovery. The magistrate judge indicated she would "want to conduct an *in camera* review" for any document "in this circumstance"—i.e., in connection with investigations conducted by the Office of the Inspector General—for which defendants claimed an official information privilege.[4] (Doc. No. 48 at 38.) The magistrate judge noted it was "very doubtful to me that all of the documents are privileged and appropriately claimed under the official information privilege," and that "when I hear that you got a response saying they are producing none, that's probably the wrong answer." (*Id.* at 38–39.) The magistrate judge also noted that defendants would need to produce the documents requested by plaintiff's counsel or invoke the privilege and provide a privilege log. (*Id.* at 39.) The only arguable ruling the magistrate judge made in this regard was that a privilege log would be required for any documents for which a party claimed a privilege. Defendants do not cite any legal authority showing this is contrary to law, which is unsurprising since privilege logs are specifically required by Rule 26. Fed. R. Civ. P. 26(b)(5). Otherwise, the magistrate did not issue any rulings on other discovery issues, and so there is nothing for the undersigned to reconsider.

### 4. *Plaintiff's Initial Disclosures are Properly Before the Court*

Defendants object to the magistrate judge referencing or relying on any information set forth in plaintiff's initial disclosures, because such information is purportedly not before the court. Apparently, defendants object because they believe the initial disclosures were not served. (Doc. No. 50 at 8) ("Unless the court order otherwise, all disclosures under Rule 26(a) must be in writing, signed, and *served*.") (emphasis added by defendants) (citing Fed. R. Civ. P. 26(a)(4)).)

---

[4] *See In re Grand Jury Investigation*, 974 F.2d 1068, 1075–75 (9th Cir. 1992) ("Although in camera review of documents does not destroy the attorney-client privilege, it is an intrusion which must be justified.").

5

Plaintiff's initial disclosures were filed on the court's docket on March 29, 2017.[5] (Doc. No. 37.) The court's docket also reflects that notice of this filing was electronically mailed to defense counsel on March 30, 2017 at 4:49 p.m. Under the Local Rules, this notice constitutes service for any counsel who has consented to electronic service. Local Rule 135(a) ("Service via this electronic Notice constitutes service pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Fed. R. Crim. P. 49."). Defendants' objections in this regard are not meritorious.

   5. *The Court Will Not Reschedule the Case*

Finally, defendants assert that the undersigned should modify the magistrate judge's scheduling order because the magistrate judge "erroneously" provided two different dates for when certain discovery requests were due. (Doc. No. 50 at 9) (noting that although defendants have 45 days to respond to discovery requests, the magistrate judge "erroneously" ordered assertions of privilege or production of privilege logs within 30 days). The docket does not indicate that defense counsel has asked the magistrate judge to amend what they apparently believe was a simple oversight. Defense counsel should feel free to seek clarification of the order from the magistrate judge.

Defendants have made no showing that the magistrate judge's scheduling order is contrary to law. Accordingly, their request that the undersigned modify that order is rejected.

**CONCLUSION**

For the foregoing reasons, defendants' request for reconsideration (Doc. No. 50) is denied in its entirety.

IT IS SO ORDERED.

Dated: __**May 5, 2017**__  _____
UNITED STATES DISTRICT JUDGE

---

[5] It is true, as defendants assert, that plaintiff was not *ordered* by the magistrate judge to file initial disclosures addressing the issue of exhaustion. Only the defendants were directed to do so. (Doc. No. 29 at 3) ("To the extent Defendant(s) intend to rely on an affirmative defense based on a failure to exhaust administrative remedies, Defendant(s) shall provide to Plaintiff all documents Defendants intend to use to support that defense."). Nonetheless, the order did not prohibit plaintiff from filing initial disclosures. More importantly, it is unclear why defendants believe this impacts the court's consideration of plaintiff's voluntary filings.